UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MYTH CLOTHING COMPANY, INC.;**<br>**THE TJX COMPANIES, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STAR FABRICS, INC.,**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT**<br><br>**ECF CASE** |

Plaintiffs, Myth Clothing Company, Inc. ("MYTH") and The TJX Companies, Inc. ("TJX") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendant Star Fabrics, Inc. (hereinafter "Star Fabrics" or "Defendant"), allege as follows:

## NATURE OF ACTION

1. This is an action for declaratory judgment which arises under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* By this action, Plaintiffs seek a declaration that they, or any of their customers who have purchased purportedly infringing product, have not infringed upon the claimed copyright of Star Fabrics, as set forth herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a) with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

3. This Court has subject matter and diversity jurisdiction over this dispute under 28 U.S.C. §1332 since this dispute exceeds $75,000 (exclusive of interests and costs) and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action brought pursuant to the Copyright Act, Defendant conducts business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

5. MYTH is a corporation organized under the laws of the State of New York with its showroom and place of business located in the heart of New York's Garment District at 525 Seventh Ave, 10th floor, New York, New York 10018.

6. MYTH has been registered to do business in the State of New York and has done business in New York's Garment District since at least as early as 2011.

7. MYTH conducts its business in the wholesale apparel industry, selling, marketing and/or promoting clothing to retail establishments that sell to the public. Specifically, TJX is one of MYTH's customers for wholesaled apparel.

8. TJX is a corporation organized under the laws of Delaware, with its principal place of business at 770 Cochituate Road, Framingham, MA 01701. TJX conducts business in the State of New York and within this judicial district.

9. Upon information and belief, MYTH is the wholesale supplier and vendor of the products alleged to infringe Defendant's copyright as asserted herein.

10. Upon information and belief, Star Fabrics is a corporation organized and existing under the laws of the State of California with a place of business at 1440 East Walnut Street, Los Angeles, California 90011.

11. Upon information and belief, Star Fabrics is in the business of sourcing and/or importing and selling textiles and/or fabrics to its customers in New York and elsewhere in the United States.

12. Upon information and belief, Star Fabrics is doing business in the State of New York and within this district, transacts business within the State of New York and within this district, including but not limited to New York City's famed garment center, derives revenue from intrastate and interstate commerce, and Star Fabrics is otherwise subject to the jurisdiction of this Court.

13. Since MYTH, TJX and Star Fabrics each regularly transact business in the State of New York and within this judicial district, jurisdiction in the Southern District of New York is appropriate for adjudication of the claim(s) brought herein.

**FACTUAL BACKGROUND**

14.     Star Fabrics is the purported owner of a copyright in design artwork ("Subject Design") shown as part of the attached *Exhibit A*.

15.     Shortly after September 20, 2016, MYTH's customer, TJX, received a formulaic letter of that date and with enclosures from Defendant's counsel, Shahram Yermian, of the Law Offices of Shahram Yermian.

16.     In the letter, Mr. Yermian asserts, *inter alia*, that TJX is "advertising, marketing, and/or selling garments that infringe [Star Fabrics'] rights in the [asserted purportedly copyrighted artwork], which has been registered with the United States Copyright Office."

17.     Mr. Yermian's letter also demands that TJX "immediately **cease and desist** from all sales of any garments bearing the [asserted purportedly copyrighted artwork]." A true and correct copy of the letter from Mr. Yermian and the accompanying enclosures are attached hereto as part of *Exhibit A*.

18.     Upon information and belief, the design asserted within *Exhibit A* (the "Subject Design"), and the motifs and elements incorporated into the composition of the Subject Design, are so conventional, part of the public domain, commonplace, and unoriginal as to not constitute a work that is protectable in copyright.

19.     Upon information and belief, given Defendant's status as a member of the apparel community and as a serial copyright claimant against apparel

manufacturers and retailers, Star Fabrics was aware that their letter to TJX would disrupt and adversely affect MYTH as the contractual supplier of the accused garments to TJX.

20. Upon information and belief, Star Fabrics is a serial copyright claimant who has claimed purported copyrights in over three hundred fifty (350) separate federal lawsuits since 2003, whereas over fifty (50) such purported copyright related claims were filed in 2016 alone.

21. Upon information and belief, Star Fabrics learned of the commercial activity concerning the accused garments through the sale, offer for sale, advertising, marketing and/or promotional activities of Plaintiffs.

22. Upon information and belief, Star Fabrics objects to all sales, offers for sale, advertising, marketing and/or promotional activities by Plaintiffs which relate to the accused garments that allegedly incorporate the Subject Design.

23. Upon information and belief, Star Fabrics objects to all advertisements, marketing and promotional materials which contain and/or relate to accused garments that allegedly incorporate the Subject Design and are used by MYTH to solicit and promote business with TJX and similar retailers.

24. Upon information and belief, Defendant's explicit demand that TJX "immediately **cease and desist** from all sales of any garments bearing the [asserted purportedly copyrighted artwork]" also includes an implied demand that MYTH cease and desist from all advertising, marketing and promotional activities

that promote the wholesale and/or retail sale of garments incorporating the accused design.

25.     Upon information and belief, Defendant's explicit demand that TJX "immediately **cease and desist** from all sales of any garments bearing the [asserted purportedly copyrighted artwork]" also includes an implied demand that MYTH cease and desist from all distribution and supply of its product that contains a design substantially similar to Subject Design.

26.     By virtue of the foregoing, MYTH and TJX are compelled to seek a declaration from this Court that Defendant's copyright and/or that Defendant's asserted copyright is invalid and/or unenforceable, and, in any event, not infringed by Plaintiffs.

### COUNT I
### DECLARATION OF INVALIDITY, UNENFORCEABILITY AND/OR NON-INFRINGEMENT UNDER THE COPYRIGHT ACT

27.     Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 26 as if set forth in full herein.

28.     By virtue of the threats made by and on behalf of Defendant Star Fabrics, an actual controversy has arisen and now exists between Plaintiffs and Star Fabrics concerning whether Plaintiffs and/or their customers who sold the alleged garments have infringed Defendant's copyright.

29.     Defendant's actions have frustrated Plaintiffs' sales and solicitation of the accused product(s); stymied MYTH's marketing, advertising, and

promotional activities; and strained MYTH's business reputation, market place respect, and relationships.

30. MYTH has advertised, marketed, offered for sale and sold the clothing alleged by Defendant to have infringed its copyright.

31. Plaintiffs believe and allege that the accused clothing products do not infringe upon any valid copyright of Defendant.

32. Plaintiffs allege that Defendant's copyright registration is incurably defective.

33. Plaintiffs allege that Defendant's purported copyright is invalid and/or unenforceable.

34. By virtue of the foregoing, Plaintiffs desire a judicial determination of the parties' rights and duties with respect to the copyright asserted by Star Fabrics.

35. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

**WHEREFORE**, Plaintiffs pray for a judgment against Defendant as follows:

A. For judgment declaring that Defendant's copyright is invalid, void, unenforceable and/or not infringed by the allegedly infringing clothing product(s) sold by Plaintiffs;

B. Awarding Plaintiffs' costs, expenses and reasonable attorneys' fees as

permitted by law; and

    C.  Awarding Plaintiffs such other and further relief as the as the Court may deem just and proper.

## JURY DEMAND

    Plaintiffs demand a trial by jury.

Respectfully Submitted,

**KAKAR, P.C**.
*Attorneys for THE TJX COMPANIES, INC. and MYTH CLOTHING COMPANY, INC.*
525 Seventh Avenue, Suite 1810
New York, NY 10018
212-704-2014

Dated: Tuesday, October 25, 2016
New York, New York

By: __/S/ Sumeer Kakar__
Sumeer Kakar, Esq. (SK 0913)
sk@kakarlaw.net